IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DIANA W. COBBS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:12cv00011 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of Hon. B. Waugh Crigler recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 21], affirm the Commissioner's final decision, and dismiss this case. Plaintiff filed a timely Objection [ECF No. 22], and the Commissioner responded [ECF No. 23]. The Objections are now ripe for consideration. See FED. R. CIV. P. 72(b). I have reviewed the Magistrate Judge's recommendation, Plaintiff's Objections, the Commissioner's response, and the relevant portions of the Record. For the reasons stated below, I will OVERRULE Plaintiff's Objections, ADOPT Judge Crigler's R & R, GRANT the Commissioner's Motion for Summary Judgment, and DISMISS this case.

## I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 24, 2010, Plaintiff Diana W. Cobbs ("Plaintiff") filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. See 42 U.S.C. §§ 401–433. (See R. 16.) In her application, Plaintiff alleged that she was disabled as of February 24, 2005. (Id.) Plaintiff's claims were initially denied on October 4, 2010, and upon reconsideration on December 30, 2010. (R. 171−178; 186−194.) On February 3, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 82−83.)

On June 17, 2011, the ALJ held an administrative hearing to determine whether Plaintiff was under a disability within the meaning of the Social Security Act. (<u>See</u> R. 34−64.) Plaintiff was represented by counsel. The ALJ heard testimony from Plaintiff and Dr. Andrew V. Beal, a vocational expert ("VE"). (<u>See</u> <u>id.</u>)

On September 22, 2011, the ALJ submitted his decision, which included findings of fact and conclusions of law. (R. 13−28.) The ALJ applied the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (R. 16−18.) He initially found that Plaintiff had not engaged in substantial gainful activity between February 24, 2005, her alleged disability onset date, and December 31, 2010, her date last insured. (R. 18.) He found that Plaintiff suffered from right arm difficulty status post injury in February 2005, mild carpal tunnel syndrome, mild degenerative disc disease, and obesity, which are severe impairments pursuant to 20 C.F.R. §§ 404.1520(c). (R. 18.) Ultimately, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that meet or medically equaled the severity of one of the listed impairments" in the applicable regulations. (R. 13.) Based on all the evidence, the ALJ determined that, through the date last insured, Plaintiff "had the residual functional capacity to perform light work . . . , except the claimant is limited to no more than occasionally pushing/pulling with both arms and no more than occasional fine and gross manipulation with her dominant right hand." (R. 19.) The ALJ concluded that there were jobs that existed in the national economy that Plaintiff could have performed, that she was not disabled under applicable law and regulations, and that Plaintiff had not been under a disability during the applicable period. (R. 26−27.)

Plaintiff appealed the ALJ's decision to the Appeals Council. (R. 7.) The Appeals Council considered Plaintiff's additional evidence, but found no basis in the record or in the

reasons advanced on appeal to review the decision. It denied review and adopted the ALJ's decision as the final decision of the Commissioner on March 5, 2012. (R. 1–3).

Plaintiff instituted the present civil action in this Court on March 29, 2012. (Comp. [ECF No. 3].) Thereafter, I referred this matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and the Commissioner's dispositive motions. (Order, Aug, 20, 2012, [ECF No. 11].) On December 19, 2012, Judge Crigler issued his R & R in which he concluded that I should grant the Commissioner's Motion for Summary Judgment and dismiss this case. (R & R. [ECF No. 21].)

On December 28, 2012, Plaintiff filed timely Objections to the R & R. (Pl.'s Obj. [ECF No. 22].) The Commissioner filed a timely response to Plaintiff's Objections. (Def.'s Resp. [ECF No. 23].) The matter is now ripe for review.

## II.     STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§

404.1527–404.1545; see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the Vocational Examiner, is to determine disability).  The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence.  20 C.F.R. §§ 404.1527, 416.927.  Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner.  See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987).  If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision.  Laws, 368 F.2d at 642.  In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[1]"  Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589).

An additional standard of review, however, applies to my consideration of Judge Crigler's R & R under Federal Rule of Civil Procedure 72(b) and the Federal Magistrate Act, 28 U.S.C. § 636.  Rule 72(b) provides that "[t]he district judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific* written objection has been made . . . ."  FED. R. CIV. P. 72(b) (emphasis added); see also 28 U.S.C. § 636(b)(1)(C).  "Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error."  Veney v. Astrue, 539 F. Supp. 2d 841, 844 (W.D. Va. 2008) (citations omitted).  "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented lack the specificity required by Rule 72 and have the same effect as a failure to object."  Elliott v. Comm'r of Soc. Sec., Case No. 6:10-cv-00032, 2011 U.S. Dist. LEXIS 92673, at *6 (W.D. Va. Aug. 19, 2011) (Moon, J.) (citing

---

[1] Or the secretary's designate, the ALJ.  See Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987).

Veney, 539 F. Supp. 2d at 845). I should uphold those portions of the magistrate judge's report and recommendation to which a plaintiff makes no objection unless it is clearly erroneous or contrary to law. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982)).

### III. DISCUSSION

Plaintiff raises a substantive objection to Magistrate Judge Crigler's R & R. She maintains that the ALJ improperly relied on testimony from the VE that conflicted with the Dictionary of Occupational Titles ("DOT"). More specifically, the VE testified that Plaintiff was capable of performing "security work, work as a lobby monitor," with a Specific Vocational Preparation (SVP) level of 3. (R. 57−58.) The VE further testified that Plaintiff would be able to learn the job in "30 days or less" given her past experience as a security guard. According to Plaintiff,[2] a job with an SVP of 3 is "semi-skilled," and the ALJ found that Plaintiff was limited to unskilled work. (See Pl.'s Br. in Supp. of Pl.'s Mot. for Summ. J. pgs. 10−11.) This, she now contends, violates both Social Security Rulings ("SSR") 00-4P (which concerns discrepancies between VE testimony and the DOT) and 82-41 (which concerns transferability of skills).

Social Security Ruling 00-4P mandates that, "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000). It is important to note, however, "that neither the Dictionary of Occupational Titles nor the vocational expert's testimony 'automatically trumps when there is a conflict'; instead, the ALJ is obligated to resolve the conflict by deciding if the vocational expert's explanation for the

---

[2] Plaintiff's Objection does not make this point. In fact, Plaintiff's Objection is far from a model of clarity, and I have referred to her original brief in support of her Motion for Summary Judgment in order to ascertain her argument. In the future, it would be beneficial to all parties if the full argument on which a party is proceeding is included in the brief in which that argument is being advanced.

conflict is reasonable." Fisher v. Barnhart, 181 Fed. App'x 359, 365 (4th Cir. 2006) (unpublished) (internal quotations omitted). The purpose of SSR 82-41 is "to further explain the concepts of 'skills' and 'transferability of skills' and to clarify how these concepts are used in disability evaluations." SSR 82-41, 1982 WL 31389, at *1 (1982).

In the present case, the ALJ asked the VE about the conflict between his testimony and the DOT, and the VE offered an adequate explanation. Although Plaintiff is limited to unskilled work, the position of lobby monitor would be, for her, essentially unskilled work because Plaintiff could learn the job in thirty days or less and would "need[] little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a) (2012) (defining "unskilled work"). The ALJ was only required to obtain a satisfactory explanation for the discrepancy, and he did so on the Record. (See R. 57−58.) There is no error.

Plaintiff also contends that the VE impermissibly looked to Plaintiff's past semi-skilled work to determine that the semi-skilled position of lobby monitor would be "essentially unskilled" for Plaintiff. This, she argues, violates SSR 82-41, which holds that skills from a semi-skilled job cannot be transferred to unskilled work. See SSR 82-41, at *5. The problem with Plaintiff's argument is that the VE did not transfer skills from semi-skilled work to an unskilled job. He merely explained that the semi-skilled job of lobby monitor with an SVP of 3 could be learned in thirty days or less by someone with Plaintiff's work history, because she has previously performed very similar work. His testimony was not that the lobby monitor position is unskilled; his testimony was that the amount of time it would take Plaintiff to learn the job is the same as the amount of time it would take her to learn an average, unskilled position. According to the very ruling Plaintiff cites, "[j]obs are unskilled when persons can usually learn to do them in 30 days or less." SSR 82-41, at *2. Clearly, the VE did not attribute Plaintiff's

skills from semi-skilled work to unskilled work in violation of SSR 82-41; he transferred the skills she gained at the semi-skilled job of security guard to the semi-skilled position of lobby monitor. Taking into account Plaintiff's limitations as determined by the ALJ, the ALJ did not err in concluding that Plaintiff could perform the position of lobby monitor, and the evidence from the VE and the ALJ's conclusions complied with SSRs 00-4P and 82-41.

Moreover, as the Government points out, even if the ALJ had not received an explanation on the record from the VE regarding the discrepancies between his testimony and the DOT, or even if the VE had impermissibly transferred Plaintiff's skills, the ALJ still found that Plaintiff could perform jobs *other* than the lobby monitor position. (See R. 27 [finding that Plaintiff could perform the jobs of ticket taker and laundry sorter, which cumulatively account for 209,000 jobs nationally and 3,400 jobs regionally].) Therefore, even if Plaintiff was not eligible for the lobby monitor position, there would still exist jobs she could perform, and the ALJ's decision would not have changed. As such, her Objection should be overruled.

### IV. CONCLUSION

The ALJ complied with SSR 00-4P when he had the VE explain the discrepancy between his testimony and the DOT regarding the position of lobby monitor. The VE's testimony that the lobby monitor position, for Plaintiff, would be "essentially unskilled" does not violate the requirements set forth in SSR 82-41. Because there is substantial evidence to support the ALJ's decision in every respect, Plaintiff's Objection is OVERRULED, Magistrate Judge Crigler's R & R is ADOPTED, the Commissioner's Motion for Summary Judgment is GRANTED, and this case is DISMISSED from the active docket of the Court.

- 8 -

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 25th day of January, 2013.

                                            s/Jackson L. Kiser
                                            SENIOR UNITED STATES DISTRICT JUDGE